UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

JOSE RAPALO, :
        Petitioner, :
: No. 5:15-cr-00592-6
v. : No. 5:20-cv-02940
:
UNITED STATES OF AMERICA, :
        Respondent. :
_____

**O P I N I O N**
Motion to Vacate Sentence, 28 U.S.C. § 2255, ECF No. 320 – Denied

**Joseph F. Leeson, Jr.**                                                                                          **March 14, 2025**
**United States District Judge**

        Petitioner Jose Rapalo pled guilty to charges including using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), arising from a Hobbs Act robbery. He filed a counseled Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 seeking relief pursuant to *Davis*, which held that § 924(c)(3)(B), the "residual clause," is unconstitutionally vague. Because Rapalo's § 924(c) conviction(s) was based on a completed Hobbs Act robbery, which is categorically a crime of violence under § 924(c)(3)(A), the "elements clause," the Motion to Vacate is denied.

**I.**     **STANDARD OF REVIEW**

        Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal defendants can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. *Davis v. United States*, 417 U.S. 333, 343 (1974); *O'Kereke v. United States*, 307 F.3d 117, 122-23 (3d Cir. 2002). Section 2255 "states four grounds upon which such relief may be claimed: (1) 'that

the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to impose such sentence;' (3) 'that the sentence was in excess of the maximum authorized by law;' and (4) that the sentence 'is otherwise subject to collateral attack.'" *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (quoting 28 U.S.C. § 2255(a)).

## II.   BACKGROUND

Jose Rapalo pled guilty to numerous offenses arising from his participation in a string of armed robberies of businesses in Allentown, Pennsylvania, including using and carrying a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1).[1] During the robberies, Rapalo remained in the car as the getaway driver while his co-defendants entered the stores armed with firearms, which Rapalo knew. *See* Presentence Report. In each robbery, one or more of his co-defendants pointed a firearm(s) at a store employee and/or at a customer. *See id.* The co-defendants stole cash and other items, which they and Rapalo split among themselves. *See id.* Rapalo was sentenced pursuant to the enhanced penalties under § 924(c).[2]

Rapalo filed a Motion to Vacate sentence pursuant to 28 U.S.C. § 2255, asserting that his § 924(c) conviction(s) are unconstitutional pursuant to *Davis*. *See* Mot. ECF No. 320. He acknowledges that the "predicate for the 924(c) conviction(s) is Hobbs Act robbery." *See id.* at 6. Although the motion was filed more than a year after his conviction became final, the motion was timely filed within one year of the decision in *Davis* and is therefore timely. *See* 28 U.S.C. § 2255(f)(3). A decision on the Motion was stayed pending litigation in the Third Circuit Court of Appeals as to whether Hobbs Act robbery qualifies as a predicate offense under the elements clause of § 924(c). *See* ECF No. 323.

---

[1]   The specific charges to which Rapalo pled are sealed and will not be listed herein. *See* ECF No. 230.
[2]   Rapalo's sentence was sealed and will not be included herein. *See* ECF No. 230.

In the cases for Rapalo's codefendants, counsel thereafter filed a Motion to Lift Stay and Notice of Authority stating that in *United States v. Stoney*, 62 F.4th 108, 112-13 (3d Cir. 2023), the Third Circuit Court of Appeals held that a completed Hobbs Act robbery has an element of force and thereby qualifies as a "crime of violence" under § 924(c), which governs the § 2255 motion. *See* ECF Nos. 383-386. Although counsel did not file such Motion/Notice for Rapalo, it appears this was an oversight because the grounds for the Motions to Vacate were identical and one Motion/Notice was filed twice for the same co-defendant. *See* ECF Nos. 385-386. Regardless, the Government has filed a Response in Opposition to the Motion to Vacate stating that the matter is ripe for disposition and that *Stoney* forecloses relief for Rapalo. *See* ECF No. 394.

### III. ANALYSIS

Section 924(c) provides for enhanced penalties for anyone who uses a firearm "during and in relation to any crime of violence or drug trafficking crime." *See* 18 U.S.C. § 924(c)(1)(A). "Section 924(c) requires the government to prove that the person committed a qualifying predicate crime of violence." *Stoney*, 62 F.4th at 110-11. However, "it is not necessary that the defendant be separately charged with or convicted of such an offense." *United States v. Lake*, 150 F.3d 269, 275 (3d Cir. 1998). The statute defines "crime of violence" as:

> an offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection A is known as the "elements clause" and subsection B is known as the "residual clause." The Supreme Court in *Davis* held that the "residual clause" is unconstitutionally vague.

3
031425

*Davis* does not afford Rapalo any relief in the above-captioned action because his commission of a completed Hobbs Act robbery satisfies the "elements clause" of § 924. *See Stoney*, 62 F.4th at 112 (finding that the defendant, who used a loaded gun during a holdup while he and his codefendants stole more than $8,000 from a restaurant was a "completed Hobbs Act robbery" that "has as an element the . . . use of physical force against the person . . . of another" (quoting 18 U.S.C. § 924(c)(3)(A))). The Motion to Vacate is therefore denied.

## IV.   CONCLUSION

Rapalo is not entitled to relief under *Davis* because he committed a completed Hobbs Act robbery, which served as a predicate crime of violence for his conviction(s) under § 924(c). The Motion to Vacate pursuant to 28 U.S.C. § 2255 is denied and there is no basis for the issuance of a certificate of appealability.[3]

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[3] "Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons set forth herein, reasonable jurists would not find this Court's assessment of the claim debatable or wrong. *See United States v. Colon*, No. 05-563, 2024 U.S. Dist. LEXIS 160305, at *1-3 (E.D. Pa. Sep. 6, 2024) (finding no basis to issue a COA because the holding in *Stoney* foreclosed the petitioner's ability to argue that a completed Hobbs Act robbery could not serve as a predicate crime of violence for a conviction under § 924(c)).